IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GEROLD, | No. C-07-04004 EDL |
|     Plaintiff, | **REPORT AND RECOMMENDATION TO TAKE PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* UNDER SUBMISSION AND TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| UNITED STATES GOVERNMENT, ABC NETWORK | |
|     Defendants. | |

On August 3, 2007, Plaintiff filed a complaint naming the United States government and ABC Network as defendants. On the same day, Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). Plaintiff has not consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Accordingly, this case will be reassigned to a district court judge with the following report and recommendation.

**I.     IFP Application**

The Court may permit an individual to file an action in federal court without prepayment of fees when the Plaintiff has demonstrated his or her poverty. 28 U.S.C. § 1915(a)(1). Leave to proceed in forma pauperis is properly granted when the plaintiff has demonstrated his poverty and his complaint states a claim for which relief can be granted and is not frivolous or malicious. 28 U.S.C. § 1915(a), (d).

In his IFP application, Mr. Gerold states that his gross salary per month is $10,000.00 and his employer is Apple One. Id. at 1. He is unmarried, and does not receive income from other sources. Id. at 2. He does not own a home or a car, but has a bank account with Wells Fargo containing $850.00. Id. at 3. His monthly expenses total $750.00, and he has no other debts. Id.

While Plaintiff wrote "$10,000.00" in response to questions of gross salary per month, he appears to have made a common mistake and reported his yearly income instead of his monthly income. He owns no house or automobile, and only has $850.00 to his name, which is inconsistent with earning $120,000.00 per year. The Court therefore concludes that Plaintiff earns $10,000.00 per year, rather than per month, so his income only barely exceeds his expenses and places him just below the 2007 poverty guideline of $10,210.00 for a one-person household, as set by the Department of Health and Services for administrative purposes. See Annual Update of the HHS Poverty Guidelines, 72 Fed. Reg. 3,147-8 (January 24, 2007). However, Plaintiff has not demonstrated that he has presented a claim that is not frivolous.

**II.     Merits of Plaintiff's Complaint**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an in forma pauperis complaint which fails to state a claim. See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir. 1996). The Court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First National Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). In making this determination, the Court assesses the factual and legal basis of the asserted wrong, "however inartfully pleaded," to determine whether a basis for federal jurisdiction exists. See Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). However, "[a] court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." Id. (citing Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir.1976)).

Plaintiff's complaint in narrative form is difficult to comprehend. However, the complaint appears to alleges that Defendants are liable for the failure of the government, local police, and hospitals to respond properly by informing the public of a type of terrorism, which Plaintiff describes as electronic harassment, invasion of privacy, and personal injury relating to "a small glass capsule containing a bug listening device and another containing a small speaker implanted in [Plaintiff's] head." See Compl. at 1-2. Plaintiff further alleges that these authorities likely neglected such personal injury to "many other citizens."

2

Here, Plaintiff's complaint is too conclusory to state a cognizable claim against any defendant. Plaintiff has alleged no facts that could possibly relate to the ABC Network and accordingly Plaintiff has failed to state a claim against it. Plaintiff's claims against the "local police" are not properly brought against the United States government. Plaintiff's claims against the "hospitals" are also not properly brought against the United States government as to community or private hospitals. Even if the hospitals Plaintiff alleges caused him injury were federal hospitals, Plaintiff has failed to allege facts that overcome the government's sovereign immunity. Plaintiff's complaint is also devoid of facts or allegations establishing causation and harm or any information about the basis for the claim and the Court's jurisdiction. See Fed.R.Civ.P. 8(a)(2). Rather, it appears to postulate circumstances of a "wholly fanciful kind." Franklin, 745 F.2d at 1228. In addition, Plaintiff has failed to allege grounds for bringing this matter as a class action, if that was his intention. See Fed.R.Civ.P. 23(a).

### III.  Leave to Amend

A court should only dismiss a complaint without leave to amend when "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir. 1999)). In this case, the Court recommends that Plaintiff be given one more chance to amend his complaint, and, accordingly, that Plaintiff's complaint be dismissed with leave to amend.

The Court also recommends that the following instruction be given to Plaintiff:

An amended complaint shall contain a simple statement of why Plaintiff believes the federal court has the power (i.e., the jurisdiction) to decide this case, a clear and concise explanation of what Plaintiff believes Defendants did that was unlawful and an explanation of what laws Plaintiff believes were violated by Defendants' conduct. Plaintiff can find more information on what needs to be in a complaint in the Pro Se Handbook, which is available on the district court's website, http://www.cand.uscourts.gov. If Plaintiff fails to file an amended complaint that contains a short and plain statement of the claim and the basis for federal court jurisdiction, this Court will dismiss

Plaintiff's complaint with prejudice.

**IV.    Conclusion**

Accordingly, for the foregoing reasons, the Court recommends that the following Order be entered:

It Is Hereby Ordered that:

1.   Plaintiff's complaint is dismissed with leave to amend;

2.   Plaintiff shall file his amended complaint no later than September 30, 2007; and

3.   Plaintiff is ordered to amend or correct his application to proceed *in forma pauperis* to reflect his monthly income.

Any party may file objections to this report and recommendation with the District Judge within ten days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. Proc. 72(b); Civil Local Rule 72-3.

**IT IS SO RECOMMENDED.**

Dated: August 29, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

4